NOT DESIGNATED FOR PUBLICATION

No. 116,096

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL W. HOWARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Brown District Court; JAMES A. PATTON, judge. Opinion filed December 16, 2016.
Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before MALONE, C.J., PIERRON and BRUNS, JJ.

*Per Curiam*:  Russell W. Howard appeals the district court's decision revoking his probation and ordering him to serve his underlying prison sentence. We granted Howard's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67). The State has filed no response.

On April 22, 2013, Howard pled no contest to one count of possession of methamphetamine and one count of possession of marijuana. On October 28, 2013, the district court imposed a controlling sentence of 17 months' imprisonment but granted probation with community corrections for 12 months.

1

At a subsequent hearing, Howard stipulated to violating his probation on numerous grounds including failing to report to his probation officer and failing to abstain from drugs. The district court extended Howard's probation for 12 months and imposed a 10-day jail sanction to be served over 5 weekends.

At a subsequent hearing, Howard again stipulated to violating his probation on numerous grounds including failing to report to his probation officer, failing to abstain from drugs, failing to submit to a drug test, and failing to serve imposed jail time. The district court again extended Howard's probation for 12 months and ordered him to serve a 120-day sanction with the Department of Corrections.

Finally, at a hearing on May 23, 2016, Howard again stipulated to violating his probation by failing to report to his probation officer and by failing to abstain from drugs. Howard asked that he be given another chance to complete his probation. However, the district court revoked Howard's probation and ordered him to serve his underlying prison sentence. Howard timely appealed.

On appeal, Howard contends that the district court erred by revoking his probation. Specifically, Howard argues that the district court's decision to revoke probation did not adequately address his drug addiction, which is the underlying cause of his legal troubles. Howard acknowledges that the decision to revoke probation rest within the district court's sound discretion.

Probation from service of a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege, not as a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the State has proven a violation of the conditions of probation, probation revocation is within the sound discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or

2

unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Here, the district court gave Howard three chances to complete his term of probation. After Howard failed to successfully complete the conditions of his probation for a third time, the district court ordered him to serve his underlying sentence. The district court's decision to revoke Howard's probation was not arbitrary, fanciful, or unreasonable, and the decision was not based on an error of law or fact. See *Ward*, 292 Kan. at 550. Thus, we conclude the district court did not abuse its discretion in revoking Howard's probation and ordering him to serve his underlying prison sentence.

Affirmed.